Eastern District of Virginia – U.S. District Court

## ARRAIGNMENT/DETENTION MINUTES:

| | |
|---|---|
| Time set: 2:30 p.m. | Date: 1/13/2025 |
| Start Time: 2:41 | Presiding Judge: Robert J. Krask, USMJ |
| End Time: 3:17 | Courtroom Deputy: Titus, B |
| | Reporter: FTR – Mag 2 |
| Split Time ( ) | U.S. Attorney: Jeremy McKinnon, SAUSA |
| Hearing Held: (X) Norfolk ( ) Newport News | Defense Counsel: Brian Latuga |
| Case Number 2:25mj1 | (X) Retained ( ) Court appointed ( ) AFPD |
| Defendant Dominic Nathaniel Torres | Interpreter: |

**INITIAL APPEARANCE:**
( ) Indictment
( ) Supervised Release
( ) Probation
( ) Pretrial Violation

**DETENTION:** Govt. proffer/Argument of counsel heard.
(X) Detention Hearing (X) Held ( ) Waived
(X) Government motion for detention:
(X) Granted ( ) Denied ( ) Motion to Withdraw
(X) Detention Ordered (X) Remanded
( ) Bond set _____
( ) Special Conditions of Release
( ) Defendant continued on previous bond
( ) Additional Conditions of Release
( ) Defendant failed to appear
( ) Government motion for warrant -Granted
(X) Evidence/witness presented.

**COUNSEL:**
( ) Court explained right to counsel
( ) Counsel waived
( ) Counsel desired.
( ) Affidavit executed and filed in open court
( ) Court directed appointment of counsel
( ) Defendant ordered to pay $_____
   beginning _____ and each month thereafter
   until paid in full

**ORDERS:**
( ) Agreed Discovery/Protective Order Entered
( ) Defendant consented to video proceedings. Order entered and filed
( ) Oral admonition as required by DPPA given to the prosecutor.

**ARRAIGNMENT:**
( ) Defendant formally arraigned
( ) Defendant waived formal arraignment
( ) Defendant entered plea of guilty
( ) Defendant entered plea of not guilty
( ) Jury demanded
( ) Jury Waived
( ) Jury waiver executed and filed
( ) Preliminary motions deadline _____
( ) Response motions deadline _____
( ) TRIAL ( ) SRVH ( ) PVH ( ) Status Conference set on _____
   @ ( ) Norfolk ( ) Newport News ( ) Richmond

**PRELIMINARY HEARING:**
(X) Preliminary Hearing (X) Held ( ) Waived
( ) Defendant stipulated to probable cause
(X) Court finds probable cause
(X) Defendant held for Grand Jury

**SPEEDY TRIAL:**
( ) By agreement of all parties, due to the complexity of the case and/or in the interest of justice, pursuant to 18 USC 3161(h), speedy trial is waived

**APPEARANCE AT PRELIMINARY HEARING:**
( ) Court inquired as to whether defendant wishes appear at preliminary hearing.
( ) Waiver of Appearance executed
( ) Arraignment: _____

( ) SRV/Probation Hearing:_____
( ) _____
( ) _____
( ) _____

**SPEEDY TRIAL:**
( ) The defendant requested time to file pretrial motions. The court granted this motion under 18 U.S.C. 3161(h)(7) and Bloate v. U.S., 2010 WL 757660 (U.S.) and finds that the ends of justice are served by granting this request which outweighs the best interest of the public and the defendant in a speedy trial and the time period from the arraignment to the motions deadline of _____ is excluded under the Speedy Trial Act.

## ADDITIONAL CONDITIONS OF RELEASE

(☐) The defendant is placed in the custody of: _____
      Address: _____
(☐) (a) submit to supervision by and report for supervision to the **United States Probation Office**, no later than **today**.
(☐) (b) continue or actively seek employment.
(☐) (c) continue or start an education program.
(☐) (d) surrender any passport to: **U.S. Probation.**
(☐) (e) not obtain a passport or other international travel document.
(☐) (f) abide by the following restrictions on personal association, residence, or travel: _____
(☐) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
(☐) (h) get medical or psychiatric treatment: _____
(☐) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling or the following purposes: _____
(☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
(☐) (k) not possess a firearm, destructive device, or other weapon.
(☐) (l) not use alcohol (☐) at all (☐) excessively (☐) with testing and treatment as directed.
(☐) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(☐) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(☐) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(☐) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
    (☐) (i) **Curfew.** You are restricted o your residence every day (☐) from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer; or
    (☐) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    (☐) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
    (☐) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand Alone Monitoring should be used in conjunctions with global positioning system (GPS) technology.
(☐) (q) submit to the following location monitoring technology and comply with its requirements as directed:
    (☐) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
    (☐) (ii) Voice Recognition; or
    (☐) (iii) Radio Frequency; or
    (☐) (iv) GPS.
(☐) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.
(☐) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
(☐) (t) The defendant must provide the Probation Officer access to any requested financial information and authorize the release of any financial information.
(☐) (u) The defendant shall notify current or future employers of charged offense (☐) and provide contact information for individual responsible for internet monitoring at place of employment.
(☐) (v) The defendant must not incur new credit charges, or apply for or open additional lines of credit, loans, or financial or bank accounts without the prior approval of the probation office.
(☐) (w) The defendant must not engage in any occupation that would require or enable access to the personal identity or financial information of other without the prior approval of the probation office.
(☐) (x) The defendant shall submit to mental health and/or sex offender evaluation and treatment as directed by the U.S. Probation Office.
(☐) (y) The defendant shall not use, have possession, or access any computer or internet, bulletin board, or chat room.
(☐) (z) _____
_____
_____

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ISSUANCE OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your affiant, Special Agent Tiffany Martinez, being duly sworn and deposed, states as follows:

### INTRODUCTION

I, Tiffany Martinez, being first duly sworn state:

1. I am a Special Agent with the Naval Criminal Investigative Service (NCIS), and have been employed with NCIS since November 2021. I am a sworn federal law enforcement officer. Your affiant has received approximately 950 hours of training the Federal Law Enforcement Training Center in Glynco, Georgia. This training included the Criminal Investigator Training Program, which provided instruction on investigations, federal law, and other practical issues for investigators. Additionally, the Special Agent Basic Training Program sponsored by NCIS consisted of training in various investigations, including death investigations, military law, firearms, intelligence, and crime scene investigation. Prior to NCIS, I was employed as a Correctional Officer with the Federal Bureau of Prisons for five (5) years. Prior to my tenure as a Correctional Officer, I was a paralegal preparing Motions and Discovery, as well as, trial preparation for criminal complaints. During the course of my tenure as a Special Agent and previous employments, I have served in the United States Army as a Military Police Officer for approximately ten (10) years where I held the rank of Captain. During my time as a Military Police Officer, I completed a 17 week Military Police Basic Officer Law Enforcement Training located in Fort Leonard wood, MO. My education consists of a Bachelor's of Science degree in Pre-Law from Mountain State University and a Masters of Professional Studies degree in Homeland Security from Pennsylvania State University.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. The facts in this affidavit come from information obtained from other agents and law enforcement officers, witnesses, my knowledge, training and experience, and personal observations. This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This affidavit is being made in support of a criminal complaint and application for an arrest warrant for **DOMINIC NATHANIEL TORRES** for violations of 18 U.S.C. §§ 2422(b) (Coercion and Enticement of a Minor), and 1470 (Transfer of Obscene Material), offenses which occurred in the Eastern District of Virginia and elsewhere.

### BACKGROUND OF THE INVESTIGATIVE TEAM

5. This ongoing investigation is being conducted by NCIS. The respective agents and investigators assigned to this investigation are hereinafter referred to as "the investigative team."



GOVERNMENT EXHIBIT 1

## PERTINENT FEDERAL CRIMINAL STATUTES AND STATE CODE

6. 18 U.S.C. § 2422(b) prohibits activity relating to the coercion and enticement of minors. The statute states in relevant part: whoever, using…any facility or means of interstate or foreign commerce…knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in…any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

7. Virginia Code 18.2-67.4(A) (Sexual Battery) prohibits the intentional touching of another person's intimate parts, or material directly covering such intimate parts, with the intent to sexually molest, arouse, or gratify any person, by force, threat, intimidation, or ruse.

8. 18 U.S. Code § 1470 prohibits the knowing transfer obscene matter, using the mail or any facility or means of interstate or foreign commerce, to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

## BASIS FOR FACTS CONTAINED IN AFFIDAVIT

9. Since this affidavit is being submitted only for the limited purpose of securing authorization for a criminal complaint and arrest warrant, your affiant has not included each and every fact known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts that are believed to be necessary to establish probable cause to arrest the aforementioned individuals.

10. Your affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other information which I have reviewed and determined to be reliable, your affiant alleges the following:

## FACTS AND CIRCUMSTANCES

11. On July 8, 2024, NCIS received reports from an individual that Dominic Nathaniel TORRES (TORRES) was communicating with minors in a sexually explicit manner. Specifically, the individual advised TORRES would communicate with minors in a sexually explicit manner after he determined the individuals were underage. The individual also reported TORRES would often request nude images or videos from the minors and would ask the minors to perform sexual acts on video for TORRES.

12. The individual reported that she viewed TORRES' cellular telephone and observed messages between TORRES and another user who identified themselves as underage. TORRES and the other user discussed their recent in-person meetup where they engaged in sexual activity.

13. On July 8, 2024, the individual provided NCIS with images she photographed of TORRES' cellular telephone in April 2024. The individual took photographs of TORRES' phone with the camera on her cellular telephone, including: a picture of TORRES' cellular telephone next to TORRES' person, messages between TORRES and various individuals, images of TORRES' email account identifiers, and images of TORRES found within messages he exchanged with underage users.

14. NCIS performed Department of Defense database checks, identifying TORRES as a twenty-two (22) year old active-duty United States Navy servicemember, currently stationed at Naval Station Norfolk, Virginia, which is located within the Eastern District of Virginia.

15. A review of the messages revealed TORRES' communication with multiple underage users, including:

   a. Telephone number (XXX) XXX-4771. When TORRES asked the user their age, the user identified themselves as being "15 next month.". TORRES advised the user he was "15 almost 16." The two continued to exchange messages when TORRES advised the user, "loll I mean I can buy condoms tn, ur only like 40 mins from me." The user later responded, "Your only wanting to hang out with me to have sex w me that's crazy." TORRES asked the user, "jus lemme touch u fr." At some point, the other user advised TORRES they were blocking him.

   b. Telephone number (XXX) XXX-4383. TORRES began the conversation with "heyy cutie u got nice tits" and "my friend told me about you." The user identified themselves as being 16 years old and TORRES responded with, "I luv younger tbh." TORRES proceeded to ask the user for additional nude images of the female's breasts. TORRES proceeded to tell the female, "he showed us ur pussy" (referencing his friend) and "thats a pretty pussy fr."

   c. Telephone number (XXX) XXX-5104. The user identified themselves as 16 years old. TORRES advised them he was 19 and stated, "just don't tell." Based upon the photograph provided, it appears the user sent a nude photograph to TORRES.

   d. Telephone contact "EM3 Kira" XXX-XXX-0126. The user identified themselves as 16 years old. TORRES asked the user, "u said u hadn't gotten head before??" The user responded, "yea I haven't only frm youuu." TORRES also told the user he wanted to make a movie with her; however, no additional details were provided.

   e. Email address fr3XXXXXXXXXXXXX@gmail.com. The user identified themselves as 14 years old. At one point in the conversation, the user sent TORRES a screenshot "aye my friend sent me a video of you and her fucking." The screenshot showed an image of a female nude from the waist down sitting on the penis of a male who was nude from the waist down. The user also sent images of a screenshot containing images of a nude suspected pubescent female. The pubescent female is in a bathtub in one image with her breast and vagina exposed. Another image is an image of the suspected pubescent female's vagina. The screenshot of the messages of the nude pubescent

3

female were shared to TORRES through TORRES' email address "dom.dfwuu@gmail.com".

f. Telephone number (XXX) XXX-7642. When TORRES asked the user their age, the user identified themselves as being 16. On a later date, TORRES texted the individual a picture of a hand on a penis and said, "i wanna stuff it inside that pussy fr". Additionally, TORRES told the user "u gotta fat ass fr, let me see u spread out for me :3" to which the user responded "That's all you want from me *sad emoji*".

g. Telephone number (XXX) XXX-9559. The user originally identified themselves as a 12-year-old but then stated they were 14. TORRES responded "so no titty pic for da birthday boy *sad emoji*. TORRES also texted the user "let me get more pics of youuu".

h. Telephone number (XXX) XXX-5549. TORRES asked the individual how old they were to which the individual responded they were 15 and TORRES responded he just turned 17. Later in the conversation TORRES told the individual "u need more pics of u" and "UR MAKING MY PP HARD".

16. Multiple messages were dated with only the day of the week (such as "Saturday") with no specification of a month or numeric date. Your affiant knows through training, and experience, that cellular phone messaging applications will show only the day of the week (e.g. "Saturday") when the message is within a seven-day window of the current day. Thus, it is likely that the most recent communications occurred on or about April 2024.

17. A review of the messages revealed TORRES' communicated with minors via the social networking application YUBO. In one instance, TORRES' texted a self-identified underage female words to the effect that he was from the YUBO application.

18. YUBO is a French based social networking application that allows messaging, live streaming, and community features. A community is available for adolescents, aged thirteen (13) to eighteen (18), that is controlled by facial recognition verification via a photograph of the user. Your affiant knows through training, and experience, that YUBO is used for predatory behavior, even being recognized by European media outlets as the "tinder for teens".

19. A review of the images also identified TORRES sent messages to his email account "dom.dfwuu@gmail.com". The messages contained images of TORRES, images of the suspected minors, a video of the suspected pubescent minor who can be seen nude from the waist down and who was identified in a previous message as having sex with TORRES, videos of an erect penis in front of a female, and links to "mega", a data sharing platform.

20. On September 3, 2024, NCIS executed a federal search warrant to Google, LLC (Google) (2:24-sw-162) for the google email account "dom.dfwuu@gmail.com". An NCIS Digital Forensic Examiner (DFE) examined the warrant return, but did not locate any communications, pictures, or videos containing suspected CSAM.

21. On September 23, 2024, NCIS obtained, and executed, court orders to AT&T (2:24ec108), Google, LLC (2:24ec107), T-Mobile (2:24ec106), and Verizon (2:24ec109), to identify the underage users that TORRES communicated with in the images provided to NCIS.

22. On December 06, 2024, NCIS interviewed a 16-year-old female (V1), who resides in Norfolk, Virginia, which is located within the Eastern District of Virginia. V1 was identified as the user of telephone number XXX-XXX-0126, which was saved in TORRES' phone contacts as "EM3 Kira" and communicated with TORRES in a sexually explicit manner.

23. V1 reported she communicated on the PNK application with a user "Dom", which had a profile picture of the user Dom and provided an age of 17 years old. V1 described "Dom" as a white male of Mexican descent, with a little mustache, a buzz cut, and being of average height and build, which matches the physical characteristics of TORRES.

24. As background, PNK is a social networking application where users swipe to find new similarly aged friends. A community is available for adolescents, aged thirteen (13) to eighteen (18), that is controlled by facial recognition verification via a photograph of the user.

25. V1 stated that "Dom" texted her from the telephone number XXX-XXX-5506. V1 then provided NCIS with a screenshot of her phone showing the contact list with phone number XXX-XXX-5506 as a blocked contact.

26. NCIS performed law enforcement database checks, confirming TORRES as the associated user for telephone number XXX-XXX-5506.

27. V1 stated that she told "Dom" she was 16 years old both verbally and by text message. V1 stated she met with "Dom" in person on two (2) separate occasions, wherein he picked her up in his vehicle from close to her home in Norfolk, Virginia. V1 stated they had sexual intercourse in the backseat of his vehicle. Additionally, V1 stated she performed oral sex on him, and he performed oral sex on her. V1 stated that "Dom" requested to take pictures and videos of them having sexual intercourse, which she declined.

28. V1 stated that "Dom" messaged her via the social media messaging application Snapchat within the previous month (November 2024), and that V1 blocked "Dom" in the Snapchat application.

29. On December 11, 2024, NCIS interviewed a 12-year-old female (V2), who resides in Texas. V2 was identified as the user of the email account fr3XXXXXXXXXXXXX@gmail.com, which communicated with TORRES. The step-father of V2 advised he recalled seeing conversations between V2 and TORRES, but could not recall details of the conversation. V2 stated TORRES sent her images of his penis, and asked her for nude images, which she declined.

30. YUBO, PNK, Snapchat, and Google Email are all applications predominantly downloaded and used by cellular device, inherently requiring the use of the internet. Based upon information obtained in the Google warrant return TORRES utilized a cellular telephone to

establish his Google account. The telephone number affiliated with TORRES' Google account is XXX-XXX-5506.

## CONCLUSION

31.  Based on the information contained herein, I submit that there is probable cause to believe that:

   a.  Count One: From on or about April 2024 through on or about November 2024, within the Eastern District of Virginia, the defendant, **DOMINIC NATHANIEL TORRES**, using a facility or means of interstate or foreign commerce, knowingly persuaded, induced, enticed, or coerced an individual who has not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, namely Va. Code. § 18.2-67.4(A), or attempted to do so, in violation of 18 U.S.C. § 2422(b);

   b.  Count Two: From on or about April 2024 to on or about January 2025, **DOMINIC NATHANIEL TORRES**, did, using any means of interstate or foreign commerce, knowingly transferred obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempted to do so in violation of 18 U.S.C. § 1470.

32.  Accordingly, I request that a complaint and arrest warrant be issued charging **DOMINIC NATHANIEL TORRES** with such offenses.

*[signature]*
Tiffany Martinez, Special Agent
US Naval Criminal Investigative Service

Sworn and subscribed to before me on this ____ day of January, 2025.

*[signature]*
United States Magistrate Judge
Norfolk, Virginia

6

Google Maps    712 Warwick Ave, Norfolk, VA 23503 to Oceanair Elementary    Walk 0.4 mile, 10 min



- 🚶 via Warwick Ave, Pinedale St and Dudley Ave — 10 min, 0.4 mile
- 🚶 via Chesapeake Blvd and Dudley Ave — 12 min, 0.6 mile

All routes are mostly flat



GOVERNMENT EXHIBIT

Google Maps — Northside Middle School



Map data ©2025 Google  500 ft

| | via Chesapeake Blvd and E Bayview Blvd | 5 min |
|---|---|---|
| | Fastest route, the usual traffic | 1.9 miles |
| | via Dune St and E Evans St | 5 min  1.6 miles |
| | via Dune St | 5 min  1.9 miles |

Explore nearby 8720 Granby St



Restaurants  Hotels  Gas stations  Parking Lots  More



### Northside Middle School

3.3 ★★★★☆ (24)
Middle school · ♿

Overview   Reviews   About



Add stop  Save  Nearby  Send to phone  Share

📍 8720 Granby St, Norfolk, VA 23503
🕐 Closed · Opens 7:30 AM Mon ⌄
🌐 npsk12.com
📞 (757) 531-3150



GOVERNMENT EXHIBIT 3.3

Dr. Sue A. Shook Elementary to 13768 Paseo Sereno Dr — Walk 0.3 mile, 7 min



🚶 via Paseo Sereno Dr — 7 min / 0.3 mile

Mostly flat



GOVERNMENT EXHIBIT