IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
*Norfolk Division*

UNITED STATES OF AMERICA

v.     Criminal No.: 2:25cr10

DOMINIC NATHANIEL TORRES,

      Defendant.

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

NOW COMES counsel to Dominic Nathaniel Torres, (the "Defendant"), and in support of Defendant's Motion to Withdraw as Counsel, respectfully states, as follows:

## RELEVANT BACKGROUND

1. On or about January 7, 2025, Defendant was arrested and had an initial appearance before this court, at which time the Federal Public Defender assumed representation of the Defendant.

2. Defendant was detained with a Detention Hearing Set for January 13, 2025.

3. On January 8, 2025, this Counsel spoke with Defendant's mother, who requested this counsel represent her son for this matter and paid an initial monetary advance.

4. This Counsel filed a Notice of Appearance on January 10, 2025, met with Mr. Torres at Western Tidewater Regional Jail in Suffolk, Virginia, ("**WTRJ**") and appeared in-person for a Preliminary Hearing on probable cause, and a Detention Hearing before the Honorable US Magistrate Judge Krask. (Doc. 16). Mr. Torres' sister and father were in attendance.

5. On January 27, 2025, the US District Court notified all counsel that the Defendant was quarantined, and unable to be brought from WTRJ for an Arraignment scheduled for January 27, 2025; all counsel, and the Court agreed upon a new date of February 7, 2025.

6. On February 4, 2025, three days before arraignment, Defendant's mother and Defendant's sister indicate that they will either be hiring new counsel or be unable/unwilling to carry out the remainder of contractual obligations to this Counsel's firm for representation.

7. On the same date, Counsel contacted the Defendant, who was unaware of this update from his family. Mrs. Torres contacted this Counsel for assurances of appearance at Arraignment on February 7, 2025.

8. This Counsel requested that family identify new counsel as soon as practicable.

9. On February 6, 2025, Mrs. Torres contacted this Counsel with assurance of fulfillment of their contractual obligations to Counsel's firm by the following week to continue with representation.

10. On February 15, 2025, Mrs. Torres emailed this Counsel demanding a refund of fees paid and alleged several general breaches of professional conduct, severing the relationship between this Counsel and the Defendant's family.

11. Counsel advised Mrs. Torres or other family on February 4, 6, 7, 14, and 15 that Counsel would be forced to move to withdraw.

12. Counsel discussed the issues and potential withdrawal with the Defendant at his Arraignment on February 7, 2025;

13. Counsel also notified Counsel for the United States on the same date.

14. While there never appeared to be any issue with the Attorney-Client relationship, the relationship is severed between potential character witnesses, and potential fact witnesses of which are Mr. Torres' mother and sister.

15. Replacement of counsel at this point should not necessitate any significant unwarranted delay.

### Argument

The Sixth Amendment of the United States Constitution guarantees a defendant the "Assistance of Counsel for [the accused's] defence." U.S. Const. amend. VI.

The Court of Appeals for the 4th Circuit in *United States v. Smith*, 640 F.3d 580 (4th Cir. 2011) examined the factors for review of a denial-of-substitution claim, namely: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) "whether the attorney/client conflict was so great that it had resulted in a total lack of communication preventing an adequate defense." (*quoting United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). The *Smith* court stated that a "total lack of communication" is not required, but that there is a "'breakdown' of attorney-client communication so great that the principal purpose of the appointment- the mounting of an adequate defense incident to a fair trial- has been frustrated." (*Smith*, 640 F.3d at 588).

A Lawyer has a duty under the Virginia Rules of Professional Conduct, as codified in the Virginia Rules of the Supreme Court (Va. R. Sup. Ct. Pt. 6 § II) and adopted by Local Rule 57.4(J), to maintain candor towards the tribunal, and to terminate representation if withdrawal can be accomplished "without material adverse effect on the interests of the client," or, "if a client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been

given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," *or* "if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;" *or* "if other good cause for withdrawal exists." Va. R. Sup. Ct. 3.3, 1.16(b).

The Defendant's mother or sister has, in the span of just two weeks, indicated that they were exploring other options for counsel, then were embattling financial issues such that their obligation to Counsel's firm could not be fulfilled, then have requested a full refund of initial advance paid, and has further alleged potential violations of the Rules of Professional Conduct, such that Counsel is now *adverse* to the Defendant's family.

Unfortunately, there is a breakdown in the Attorney-Client relationship such that Counsel cannot financially or ethically lodge sufficient representation of the Defendant, nor lend satisfactory assistance in His defense of his case when potential fact witnesses, or character witnesses are now patently adverse to this Counsel and firm. Counsel cannot effectively represent the Defendant's interests or assist the Defendant in the presentation of an adequate defense. I am unfortunately unable to discharge my ethical duties to the Defendant.

## CONCLUSION

WHEREFORE, the Defendant, by counsel, upon good cause shown, moves this Court for entry of an Order granting the Counsel leave to withdraw as counsel of record and to substitute alternate counsel to represent the Defendant.

I ask for this:


     /s/
Brian M. Latuga, Esquire
VSB #86300
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
Telephone:  757.497.6633
Facsimile:     757.497.7267
E-mail: blatuga@wolriv.com
*Counsel for Defendant Dominic Torres*

## CERTIFICATE OF SERVICE

I hereby certify on the 17th day of February, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record including the following:

SAUSA Jeremy McKinnon
Jeremy.McKinnon@usdoj.gov

With courtesy copy mailed via regular mail to:
Dominic Nathaniel Torres
Western Tidewater Regional Jail
2402 Godwin Blvd.
Suffolk, Virginia 23434
***Legal Mail***

                                                /s/

                                  Brian M. Latuga, Esquire
                                  VSB #86300
                                  WOLCOTT RIVERS GATES
                                  200 Bendix Road, Suite 300
                                  Virginia Beach, VA 23452
                                  Telephone:  757.497.6633
                                  Facsimile:     757.497.7267
                                  E-mail: blatuga@wolriv.com
                                  *Counsel for Defendant Dominic Torres*