IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOMINIC NATHANIEL TORRES,<br><br>Defendant. | Criminal No. 2:25-cr-10 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS**

The United States of America, by and through undersigned counsel, offers the following with the respect to the sentencing factors under 18 USC § 3553(a). The government has reviewed the presentence investigation report (PSR) prepared by the United States Probation Office and has no objections to the PSR. Based on the nature of the offense, the relevant conduct, and the defendant's characteristics, the government submits that a sentence of two-hundred and thirty-five (235) months imprisonment would be sufficient, but not greater than necessary to accomplish the purposes of sentencing set forth in 18 USC § 3553(a).

**I.    PROCEDURAL BACKGROUND**

On January 6, 2025, Dominic Nathaniel Torres (the "defendant") was charged in a two-count criminal complaint with one count of Coercion and Enticement of a Minor, in violation of 18 USC § 2422(b) (Count 1), and one count of Transfer of Obscene Material, in violation of 18 USC § 1470 (Count 2). ECF 3. That same day, he was arrested in the Eastern District of Virginia and made his initial appearance the next day on January 7, 2025. ECF 7. On January 13, 2025, the defendant had his preliminary and detention hearing, wherein United States Magistrate Judge Robert J. Krask found probable cause for the charges and granted the government's motion for

detention. ECF 16.

On January 23, 2025, a Grand Jury seated in the Eastern District of Virginia returned a three-count indictment against the defendant, charging him with: Attempted Production of a Visual Depiction of a Minor, in violation of 18 USC § 2251(a) (Count 1), Coercion and Enticement of a Minor, in violation of 18 USC § 2422(b) (Count 2), and Transfer of Obscene Material to a Minor, in violation of 18 USC §1470 (Count 3). ECF 18.

On June 13, 2025, the defendant pled guilty to Count 2 of the indictment, Coercion and Enticement of a Minor, in violation of 18 USC §2422(b), pursuant to a plea agreement. ECF 33, 34, 35. That same day, United States Magistrate Judge Douglas E. Miller signed a Report and Recommendation on the plea of guilty as to the defendant. ECF 36. The defendant's plea of guilty was accepted on July 9, 2025, by United States District Court Judge Arenda L. Wright Allen. ECF 39.

On October 31, 2025, the United States Probation Office ("USPO") filed a PSR, which calculated the defendant's total offense level as 38 and his criminal history category as I, resulting in a guidelines range of two hundred and thirty-five (235) months to two hundred and ninety three (293) months imprisonment. PSR ¶¶ 106, 142, 143. On November 21, 2025, the USPO, counsel for the defendant, and the government, held a status conference regarding defendant's objections to the PSR.

On November 26, 2025, the USPO filed the final PSR, noting unresolved objections made by the defendant, the receipt of a victim impact statement, and clerical corrections. PSR "Unresolved Objections by the Defendant" at 35, ¶ 144, "Corrections" at 35.

## II.     UNRESOLVED OBJECTIONS

   *a. The Court should find that the additional offenses are relevant conduct for sentencing*

The defendant's interpretation of USSG § 1B1.2(c) is conflated with USSG § 1B1.2(a). The guidelines instruct that "in the case of a plea agreement (written or made orally on the record) containing a stipulation that **specifically establishes a more serious offense than the offense of conviction**, determine the offense guideline section in Chapter Two applicable to the **stipulated offense**. USSG § 1B1.2(a) (emphasis added).

The heightened burden expressed in *Braxton v. United States*, 500 U.S. 344, 111 S. Ct. 1854 (1991), applicable for establishing a "more serious offense" under USSG §1B1.2(a), is not applicable here. In *Braxton*, the defendant made oral stipulations during his plea hearing absent a written plea agreement with the government. Based on the stipulations, the Sentencing Court sentenced the defendant to the offense of attempted murder, which had a higher base offense level than the offense of conviction, aggravated assault.

Here, the guidelines applied under USSG § 2G1.3, for the offense of conviction 18 USC 2422(b) Coercion and Enticement of a Minor, has a base offense level of 32 (Count 1C). PSR ¶ 48. All other Counts have a base offense level of 32, or lower. PSR ¶ 48. There is not a more serious offense than the offense of conviction within the guideline calculation, and as such, the additional offenses are relevant conduct applicable under a preponderance of the evidence standard for sentencing. *United States v. Claybrooks*, 90 F.4th 248 (4th Cir. 2024) (quoting *United States v. McGee*, 736 F.3d 263, 271 (4th Cir. 2013)).

Therefore, the defendant's relevant conduct should be accounted for within his sentencing guidelines.

*b. The Court should find that the special instruction(s) under USSG § 2G1.3(d) are properly applied*

The defendant entered a plea agreement with the government that constituted "a stipulation of facts for purposes of Section 1B1.2(c) of the sentencing guidelines. ECF 32 ¶ 3. "A plea agreement (written or made orally on the record) containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." USSG § 1B1.2(c). The finding of additional offenses shall be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, induced, procured, or willfully caused by the defendant." USSG § 1B1.3(a)(1)(A). The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing. USSG § 6B1.4.

The offense of conviction, as pled guilty to on June 13, 2025, is a violation of 18 USC 2422(b), which falls under offense conduct of USSG §2G1.3. Offenses in this section that involve more than one minor <u>shall</u> be applied as if each victim had been contained in a separate count. USSG § 2G1.3(d)(1). Offenses under § 2G1.3 are expressly excluded from grouping in the plain language of the guidelines. USSG § 3D1.2(d).

For conviction under 18 U.S.C 2422(b), Coercion and Enticement of a Minor, the statute requires an underlying violation of a criminal statute. The defendant has violated a range of statutes under the Code of Virginia, including the offense of conviction, VA Code § 18.2-67.4(A) (Sexual Battery by Ruse) and VA Code § 18.2-374.1 (Production of Child Pornography), which amongst other things, finds that a person shall be guilty of production of child pornography who [a]ccosts, entices or solicits a person less than 18 years of age with intent to induce or force such person to perform in or be a subject of child pornography; or Produces or makes or attempts or

4

prepares to produce or make child pornography. A person who is depicted as or presents the appearance of being less than 18 years of age in sexually explicit visual material, is considered less than 18 years of age for the purposes of § 18.2-374.1. VA Code § 18.2-374.1(D). Further, the depiction of age may be inferred by text, title or appearance. Id.

    i.    *Count 1 (Minor Victim x4771)*

Images provided on July 8, 2024, of the defendant's cellular phone while located in the Eastern District of Virginia, showed the defendant communicating with an underage user on social media messaging. PSR ¶ 9(1). The user identified themselves as being "15 next month." The defendant replied that he was "**15 almost 16.**" PSR ¶ 9(2(a)). The two continued to exchange messages, when the defendant stated, "loll I mean I can buy condoms tn, ur only like 40 mins from me." Id. The user later responded, "You['re] only wanting to hang out with me to have sex w me that's crazy." The defendant then asked the user, "jus lemme touch u fr." Id.

    i.    *Count 1A (Minor Victim x4383)*

Images provided on July 8, 2024, of the defendant's cellular phone while located in the Eastern District of Virginia, showed the defendant communicating with an underage user on social media messaging. PSR ¶ 9(1). The defendant initiated the conversation by stating "heyy cutie u got nice tits" and "my friend told me about you." PSR ¶ 9(2(b)). The user then identified themselves as 16 years old, which the defendant responded, "I luv younger tbh." Id. The defendant then requested additional nude images of the user's breasts, and stated, "he showed us ur pussy" (referencing his friend) and "thats a pretty pussy fr." Id.

    ii.    *Count 1B (Minor Victim x7642)*

Images provided on July 8, 2024, of the defendant's cellular phone while located in the

Eastern District of Virginia, showed the defendant communicating with an underage user on social media messaging. PSR ¶ 9(1). The user identified themselves as 16 years old, the defendant sends an image of a hand on a penis and stated, "i wanna stuff it inside that pussy fr". PSR ¶ 9(2(f)). The defendant then states "u gotta fat ass fr, let me see u spread out for me :3" to which the user responded, "That's all you want from me *sad emoji*". Id.

      *iii.*      *Count 1D (Minor Victim 2)*

Images provided on July 8, 2024, of the defendant's cellular phone while located in the Eastern District of Virginia, showed the defendant communicating with an underage user on social media messaging. PSR ¶ 9(1). *Minor Victim 2* identified herself as 14 years old, the defendant asks, "u got more for me?" PSR ¶ 9(2(e)). *Minor Victim 2* then sends an image of female's breasts in a bra, which the defendant replies "ur gonna have to take it off cus I got cum for you". Id. *Minor Victim 2* sends the defendant an image of a female nude from the waist down sitting on the penis of a male nude from the waist down, with the message "aye my friend sent me a video of you and her fucking." Id. *Minor Victim 2* later sends images of a nude suspected pubescent female in a bathtub with her breast and vagina exposed, and an image of a suspected pubescent female's vagina. Id. The defendant then shared the images to his Google email account. Id.

*Minor Victim 2* was identified as a 12-year-old female, residing in the State of Texas. PSR ¶ 14. She stated that she communicated with the defendant, who told her he was a fifteen (15) years old boy named "Jacob", when she was eleven (11) years old. He sent her multiple videos of him masturbating and images of his penis, thereafter, threatening to expose pictures of the victim on Instagram if she told anyone. Id. Also, a female friend of the defendant contacted her on social media, who sent the victim a video of the defendant and the female having sex. Id. The female then threatened to expose the victims' pictures to the defendant and her friends. Id.

6

  iv. *Count 1E (Minor Victim 3)*

Images provided on July 8, 2024, of the defendant's cellular phone while located in the Eastern District of Virginia, showed the defendant communicating with an underage user on social media messaging. PSR ¶ 9(1). *Minor Victim 3* identified herself as 12 years old but then stated that she was 14. PSR ¶ 9(2(g)). The defendant then states, "so no titty pic for da birthday boy *sad emoji*." Id. The defendant later asks, "let me get more pics of youuu". Id. *Minor Victim 3* was identified as a fourteen (14) year old female, who met the defendant when she was twelve (12) years old on the social media messaging application WIZZ. PSR ¶ 9(15). Wizz has a distinct feature of "Age-appropriate engagement", that uses "AI" programs to verify a user's age by facial recognition of the user's photograph. PSR ¶ 9(16).

  v. *Count 1F (Minor Victim 4)*

Images provided on July 8, 2024, of the defendant's cellular phone while located in the Eastern District of Virginia, showed the defendant communicating with an underage user on social media messaging. PSR ¶ 9(1). *Minor Victim* 4 identified themselves as 15 years old, the defendant replies that "he just turned 17." PSR ¶ 9(2(h)). The defendant further states "u need more pics of u" and "UR MAKING MY PP HARD". Id. *Minor Victim 4* was identified as a fourteen (14) year old female, who stated that she met the defendant, who stated his name was "A.P.", on Snapchat and then moved to cellular phone communications. PSR ¶ 17. *Minor Victim 4* sent the defendant two nude photos of herself, including her "private area" through text message. Id.

  vi. *Count 1G (Minor Victim x532)*

From the limited extraction of the defendant's Apple I-Phone, a snapchat conversation was recovered with *Minor Victim x532* on November 19, 2024. PSR ¶ 9(13(a)). *Minor Victim x532*

7

identified herself as 16 years old the defendant tells the user, "definitely need u to ride my dick," "I bet u get wet asfff," "keep it a secret cus yk im 18 *emoji*," "good now show daddy more of that big ass "eyes emoji*," and "I luv the back viewww I got to see that tight pussy *emoji*." Id.

    vii.    Count 1H (Minor Victim "hxxx")

The defendant's Snapchat account identified a conversation with *Minor Victim "hxxx"*, asking the age of the user's friend. PSR ¶ 9(18(b)). After *Minor Victim "hxxx"* identified a female friend as fifteen (15) years old, the defendant then told *Minor Victim "hxxx"* to obtain nude images of the friend for the defendant, and to tell the friend to add the defendant on Snapchat. *Exhibit 1, files contained within folder named "Snapchat return, screenshot of messages, hxxxxxxxxxxx Screenshot*.

  c. *The Court should find that the "Use of a computer" enhancement under 2G1.3(b)(3)) is properly applied*

For USSG § 2G1.3 offenses involving the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor, receive the enhancement under USSG § 2G1.3(b)(3). The intent of section (b)(3)(A) is for the enhancement to apply when the use of a computer or an interactive computer service is used to communicate directly with the minor. USSG § 2G1.3 (note 4). "[T]here is a presumption that double counting is proper where not expressly prohibited by the [G]uidelines." *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010).

Here, the defendant makes claim that "use of a computer" enhancement is double counting in reference to coercion cases. The government fails to find where the guideline manual supports

8

the defendant's proposition. Expressly stated in USSG § 2G1.3(b)(3), an exception is made for offenses of conviction under 18 USC § 2421A, but no such exception for those under 18 USC § 2422. As such, there is no intent, express or implied, to exclude the "use of a computer" enhancement for the offenses calculated under § 2G1.3.

Further, the Stipulation of Facts establishes that the defendant did use a computer, within the meaning in 18 USC § 1030(e)(1), in the separate instances of relevant conduct. USSG § 2G1.3 (note 1). As each instance of conduct was separate, they are distinct harms facilitated by the use of a computer, and the enhancement should apply accordingly.

   d. *The Court should find that the additional offenses under USSG § 2G2.2 are properly applied*

The relevant conduct found within the information provided by the PSR establishes, by a preponderance of the evidence, the additional offense of Possession of Child Pornography in violation of 18 USC 2252(a)(4)(B), which criminalizes any person who knowingly possesses . . . 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been . . . shipped or transported using any means or facility of interstate or foreign commerce . . . if — (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in . . . this section. Further, "sexually explicit conduct" includes, in relevant part, "lascivious exhibition of the anus, genitals, or pubic area of any person." See 18 U.S.C. § 2256(2)(A)(v).

On January 7, 2025, the defendant's Apple I-phone ("phone") was seized at time of his arrest. PSR ¶ 9(13). The phone contained the application Snapchat, a social networking application that is commonly known for the messaging feature of "disappearing messages", wherein a sender

9

can set a message to be deleted once a recipient has read the message. PSR ¶ 9(10). Communications on Snapchat are private and delete by default, unless the user saves the chats or reconfigures their automatic deletion settings.[1] Once a "Snap" (Image or video in a chat) has been deleted from a user's device, it is set to be deleted from Snapchat servers.[2]

During an initial extraction of the defendant's phone, parsed data identified two sexually explicit conversations with separate minor Snapchat users, and a video depicting a pubescent female engaged in sexually explicit conduct. PSR ¶ 13, 14. Law enforcement's forensic examination of the device was a limited extraction, not providing all the data stored within the device.

A search warrant was submitted to Snapchat, for the defendant's snapchat account that was found on his phone. PSR ¶ 9(18). The search warrant revealed five (5) images and six (6) videos containing suspected CSAM. Id. and *Exhibit 1, files contained within folder named "Shapchat return, lxxxxxxxx" and "Snapchat return, mxxxxxx screenrecording"*. The CSAM was identified as suspected, due to the context of the conversations, the user's displayed age, and an assessment from law enforcement personnel. As well, a selfie-video of the defendant was taken on January 2, 2025, showing that the defendant had possession of the phone and used the phone to access the Snapchat servers to upload said selfie-video. *Exhibit 1, file contained within folder named "Snapchat return, TORRES selfie-video"*. The presence of the CSAM materials in his Snapchat account, coupled with the fact that his phone was synced with the same account

---

[1] "Snapchat servers are designed to automatically delete all one-on-one and Group Chat Snaps after they've been viewed by all recipients . . .[i]f a Snapchatter changes deletion of a particular Snap to 24 hours, our servers are designed to automatically delete the Snap after the 24 hour period has expired." *https://help.snapchat.com/hc/en-us/articles/7012334940948-When-does-Snapchat-delete-Snaps-and-Chats?lang=en-US&utm_campaign=priv_prod&utm_medium=snap&utm_source=web*

[2] "When you delete a Snap, we will set it to delete from our servers." *https://help.snapchat.com/hc/en-us/articles/7012334940948-When-does-Snapchat-delete-Snaps-and-Chats?lang=en-US&utm_campaign=priv_prod&utm_medium=snap&utm_source=web*

(dxxxxxxxxx), and his use of the Snapchat mobile application on January 2, 2025, lead to the conclusion that he likely had the materials within his possession during time of arrest.

As the defendant directly solicited minors for CSAM material, exemplified in his messaging, the images and videos would not have been immediately confirmed by comparing to known hash values of previously catalogued CSAM. *See* PSR ¶¶ 9(2(a-h)), (13(a-b), and (18(a-d)). Further, the use of the term "pubescent" is used to describe a child who has initiated the process of puberty, and not yet reached adulthood. Comparatively, USSG § 2G2.2(b)(2) provides guidance in defining "pubescent", wherein the threshold for pre-pubescent is material involving "a prepubescent minor or a minor who had not attained the age of 12 years." Therefore, the use of pubescent is reference to those minors who are undergoing the noticeable physiological effects of puberty around the early teenage years, the same age range as the defendant's victim's identified in the statement of facts (12 years old to 16 years old).

   e. *The Court should find that the Pattern of activity enhancement under USSG 2G2.2(b)(5) is properly applied*

For the purposes of USSG 2G2.2(b)(5), a "pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." USSG 2G2.2 (note 5). "Sexual abuse or exploitation" includes the conduct described in 18 USC § 2422. Id.

The defendant's offense of conviction is 18 USC § 2422(b), the conduct of the violation falls within the guidelines definition of "Sexual abuse or exploitation". He engaged in sexual intercourse on two separate occasions with Minor Victim 1. PSR ¶ 9(11). Even if the conduct was

with the same minor, his conduct falls expressly within the guidelines definition and establishes a pattern of activity for the specified enhancement purposes.

### III. MOTION TO GRANT ADDITIONAL ONE-LEVEL DECREASE

The defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. USSG § 3E1.1(b). The PSR has properly applied a two-level decrease in his offense level for acceptance of responsibility under USSG § 3E1.1(a), and the defendant's offense level prior to the operation of that section is level 16 or greater. Accordingly, the government moves this Court to apply an additional one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b). This reduction is already reflected in the PSR's offense level calculation. PSR ¶ 101.

### IV. STANDARDS GOVERNING SENTENCING

In fashioning a criminal sentence, a district court must "first calculate the applicable [U.S. Sentencing] Guidelines range." *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). After calculating the guidelines range, the district court "must give both the government and the defendant 'an opportunity to argue for whatever sentence they deem appropriate.'" Id. (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). The district court must then consider all of the factors set forth in 18 USC § 3553(a) to determine whether those factors support the sentence requested by either party. Id. (citing *Gall*, 552 U.S. at 49). In doing so, the district court may not presume that a sentence within the guidelines range is reasonable. Id. (citing *Gall*, 552 U.S. at 50); see also *Nelson v. United States*, 555 U.S. 350, 351-52 (2009). Rather, the court "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50.

If the district court imposes a sentence outside the guidelines range, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Pauley*, 511 F.3d at 473 (quoting *Gall*, 552 U.S. at 50). After deciding an appropriate sentence, the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. The Fourth Circuit has also held that "a sentencing court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017).

V.   **SENTENCING FACTORS**

A.   **Nature and Circumstances of the Offense (18 USC § 3553(a)(1))**

This is a serious offense that involved the It is important to note that the defendant's conduct is not limited to Minor Victim 1, which involved the defendant stating that he was a minor in order to have sexual relations with Minor Victim 1, which occurred on two separate occasions. PSR ¶ 9(11). Moreso, the defendant attempted to record his sexual exploits, asking the minor if he could take pictures and videos of them during intercourse. PSR ¶ 9(11). Not looking for a short-term engagement, the defendant continued to contact *Minor Victim 1* they had intercourse, up until she blocked him on social media and he replied, "Come on now, you are so mean." PSR ¶ 13.

The defendant's penchant for soliciting minors to engage in sexually explicit conduct spreads the bounds of both the physical and digital worlds. Through multiple platforms (PNK, Wizz, Yubo, and Snapchat), he strategically accessed younger age groups of girls by social media. Not only on mainstream social media, but he targeted age restricted applications that used AI age verification to match users together, using his younger photos and representing himself as a minor,

13

sometimes as young as fifteen (15). PSR ¶ 9(6, 16, 18(d)) *See Exhibit 1, file in folder named "a_xxxxxxxx"*. Age of the victim had no threshold for the defendant, on December 31, 2024, he thought a snapchat user was in 8th grade, then he proceeded to send her a penis picture and asked her to touch herself. PSR ¶ 9(13(b)). *Exhibit 1, file named "Phone Extraction, Snapchat messages, bxxxxxxxxxx"*.

When he received the images and videos from these victims, he would upload them to his other accounts, such as his gmail email address. Once he concealed the whereabouts of the media, he would continually delete messages. PSR ¶ 11. However, some of the media on Snapchat was saved by the defendant, still being accessible through his account. *See Exhibit 1, files contained within folder named "Snapchat return, abxxxxxxxxx."* If that weren't enough, he we even conceal his identity from these minor victims that he communicated with, calling himself "Jacob" or "A.P.". PSR ¶¶ 14, 15. Sometimes, he'd tell the victims that he was the age of majority (18 or 19), which is still false, and then would instruct them not to tell anyone, or such as in the case of *Minor Victim 2* (a 12 year old female minor), he would threaten to expose their pictures on social media. PSR ¶¶ 9(13(a)), 14. He'd then conceal the contact information for easy access, identifying Minor Victim 1 as "EM3 XXXX", a military rate, in his phone. PSR ¶ 9(4).

The victimization would not stop with his immediate targets, he would then engage their friends in the same age grouping, asking for the victims to obtain nude images of their friends or provide their social media usernames. PSR ¶¶ 9(18(b)), 14. *Exhibit 1, files contained within folder named "Snapchat return, screenshot of messages, hxxxxxxxxxxxx Screenshot*. In the case of *Minor Victim 2*, the defendant engaged his own friend, having an unknown third party, to contact and blackmail a twelve-year-old female to send sexually explicit pictures. PSR ¶ 9(14).

The defendant's conduct was continual, through multiple platforms, and impacted minor

14

victims locally within the Eastern District of Virginia, and elsewhere.

B.     **History and Characteristics of the Defendant (18 USC § 3553(a)(1))**

The defendant is twenty-three years old and was born in El Paso, Texas. PSR ¶ 110. His mother and father divorced when he was four years old. PSR ¶ 111. The defendant reports having his basic needs met but was exposed to an alcoholic environment as a child. Id. He further advised that his father's side of the family were catholic and exposed him to certain values. PSR ¶ 113. The defendant stated that he began to smoke marijuana in the eighth grade and got into trouble during his high school years. PSR ¶ 115. The defendant reports that he has never been diagnosed with any mental health conditions or received mental health treatment. PSR ¶ 126.

During high school, the defendant engaged in sports and was enrolled in an early college program allowing him to graduate high school with an associates degree. PSR ¶ 115. The defendant graduated from high school in 2020 and joined the United States Navy in June 2023. PSR ¶¶ 129, 131. At time of arrest the defendant was an enlisted E-3, the government has not received any information as to his current enlistment status.

C.     **The Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence & to Protect the Public from Further Crimes (18 USC § 3553(a)(2)(A), (B), and (C))**

A substantial sentence of imprisonment is imperative to reflect the seriousness of the offense conduct in this case and to provide just punishment. The government is particularly troubled by the fact that the defendant engaged in the offense conduct through deceptions across a plethora of social media platforms designed for minors. Even if the defendant only engaged in the conduct since the earliest date of April 2024, as the defendant alleges, the scale at which he engaged with minors, coupled with his shown habit of moving and deleting content, show that his actions were strategic and well thought out. After his sexual encounter with Minor Victim 1, where

he requested to record their intercourse, he continued to message her months later until she blocked him. Furthermore, for the reasons stated above, deterrence, particularly specific deterrence, should be an important factor in the Court's consideration when determining an appropriate sentence.

**D.    The Need to Provide Needed Correctional Treatment in the Most Effective Manner (18 USC § 3553(a)(2)(D))**

Based on the information available to the government, it appears the defendant needs mental health and sex offender treatment while serving his sentence in the Bureau of Prisons ("BOP"). However, the government has not been provided with any record of prior treatment, or analytical assessments.

**E.    The Kinds of Sentences Available (18 USC § 3553(a)(3))**

The statutory sentence for the defendant's crime of conviction, 18 USC § 2422(b), is not less than 10 years, and a maximum of life in prison. 18 USC § 2422(b). A term of supervised release is required for a minimum of five years and may be imposed for life. 18 USC § 3583(k). Regarding special assessments, the defendant should be ordered to pay a $100 special assessment for the offense of conviction pursuant to Section 3013.

**F.    The Need to Provide Restitution to Victims of the Offense (18 USC § 3553(a)(7))**

Pursuant to his plea agreement, the defendant agreed that pursuant to 18 USC § 2429, restitution is mandatory and further agreed to the entry of a restitution order for the full amount of the victims' losses as they are defined by § 2429(b)(3) with reference to § 2259(c)(2). ECF 34. At this time, the government has not received any requests for restitution by the victims or the victims' legal guardian(s).

**VI.    CONCLUSION**

For all the reasons stated above, the government submits that a sentence of two-hundred

and thirty-five (235) months of imprisonment is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 USC § 3553(a).

The government is providing to the Court what has been named government Exhibit 1, which is a compact disc containing contraband material, and containing both media files and message(s) from the device of the defendant seized on January 7, 2025, and the search warrant return from the defendant's Snapchat account (dxxxxxxxxxxx).

        Respectfully submitted,

        Lindsey Halligan
        United States Attorney and Special United States Attorney

        Todd W. Blanche
        Deputy Attorney General

        Robert K. McBride
        First Assistant United States Attorney

By: _____/s/_____
    Jeremy W. Mckinnon
    California Bar No. 336424
    Special Assistant United States Attorney
    United States Attorney's Office
    101 W. Main Street, Suite 8000
    Norfolk, Virginia 23510
    Office: 757.441.3040
    Fax: 757.441.6689
    E-mail: jeremy.mckinnon@usdoj.gov